**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------X
MICHAEL GAGLIARDO,

|  |  |
|---|---|
|  | **COMPLAINT** |
|  | 15 CV 2509 (SAS) |

Plaintiff,                    **JURY TRIAL**
**DEMANDED**

-against-

THE CITY OF NEW YORK, NEW YORK CITY
 POLICE OFFICER FELIX GROSS,
in his  individual and official capacity as an employee
of the City of New York Police Department

Defendants.
------------------------------------------------------------------------------X


The Plaintiff, MICHAEL GAGLIARDO, by his attorney, Paul V. Prestia, Esq., of The Prestia

Law Firm, P.L.L.C., alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION

1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981,

1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution,

Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of

the State of New York, against the City of New York, and against Police Officer Felix Gross, a police

officer of the City of New York, in his individual and official capacity.  Plaintiff seeks compensatory

and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such

other relief as this Court deems equitable and just.



## JURISDICTION

2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C.

§1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York

1

under 28 U.S.C. §1331 and §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3.      Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

## PARTIES

4.      Plaintiff, Michael Gagliardo, is a citizen of the United States and was, at all times relevant hereto, a resident of the State of New York, Bronx County.

5.      Defendant Police Officer Felix Gross,  (hereinafter, GROSS ) was  at all times relevant to this complaint a duly appointed and acting officer of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

6.      Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

7.      At all relevant times, the City of New York and its Police Department employed  the defendants.

8.       At all relevant times the Defendant Gross,  was a duly appointed and acting Police Officer of the New York City Police Department and was at all relevant times on duty in January 2014.

2

9.      At all relevant times, Defendant Gross was acting under color of state law.

10.     At all relevant times, Defendant Gross  was an agent, servants and employee acting within the scope of their employment by defendant City of New York.

## FACTS

11.     On or about approximately January 8, 2014, at approximately 8:00M,      Michael Gagliardo  (hereinafter "Plaintiff"), went to the 48th Precinct as directed by Defendant Gross. Plaintiff was arrested by Defendant Gross regarding an altercation he was involved in on January 3, 2014.

12. Plaintiff was later brought to Central Booking Bronx County.

13. Plaintiff was arraigned in Bronx County Criminal Court on January 9, 2014.

14.     Plaintiff was brought to Central Booking Bronx  County.

15.     Plaintiff was charged with Assault in the 2nd Degree.

16.     Bail was set at $30,000.

17.     Plaintiff did not initially make bail and was transferred to Rikers Island.

18.     Plaintiff made bail on January 10, 2014. Plaintiff was released from Rikers Island on at about 8:00a.m. Plaintiff was in custody for approximately forty-eight (48) hours.

19.     Plaintiff returned to Bronx County Criminal Court on January 13, 2014.

20.     Plaintiff testified in the Grand Jury, Bronx County on March 4th, 2014.,

21.      A Bronx Grand Jury refused to indict Plaintiiff.

22.     Charges were dismissed against  plaintiff on or about March 18, 2014.

23.     As a direct and proximate result of the malicious and outrageous conduct of Defendants set forth above, Plaintiff suffered injuries and damages including,emotional trauma, harm and distress, mental anguish, fear, pain and suffering.  The full extent of the injuries and damages suffered by Plaintiff  has yet to be determined.

## FIRST CAUSE OF ACTION

3

**(False Arrest Under Federal Law)**

24.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 of this complaint as if fully set forth herein.

25.     The acts and negligence of the Defendant Officer Gross committed under color of law and under their authority as a City of New York police officers, in falsely arresting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff and were designed to and did cause emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff.  The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

26.     As a consequence thereof,  Plaintiff was injured and claims damages under 42 U.S.C. § 1983 for the above-referenced injuries.

**SECOND CAUSE OF ACTION**

**(Monell )**

27.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 26 of this complaint as if fully set forth herein.

28.     On information and belief, prior to and including January 8, 2014, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

29.     On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct

4

were instead tolerated by the City of New York.

30.     On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

31.     On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put  or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

32.     As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33.     The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

34.     The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

35.     As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. §

1983 for the aforesaid injuries.

## THIRD  CAUSE OF ACTION

### (False Arrest Under State Law)

36.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35 of this complaint as if fully set forth herein.

37.     The acts of the Defendants, acting under color of law, in arresting, verbally abusing, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff in violation of his rights to be free from unreasonable search and seizure, to equal protection of the laws, and to not be deprived of his liberty without due process of law, as guaranteed by Article I, Sections 6, 11, and 12 of the Constitution of the State of New York.

38.     As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid

## FOURTH CAUSE OF ACTION

### (Malicious Prosecution Under Federal Law)

39.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 38 of this complaint as if fully set forth herein.

40.     Defendant Officer Gross initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

41.     Defendant Gross in initiating the above-stated malicious prosecution used such to cover up their illegal and unconstitutional conduct and force plaintiff into confessing to a crime he did not

6

commit.

42.     The acts and negligence of Defendant Gross in  falsely charging, imprisoning and

maliciously prosecuting plaintiff were done intentionally, maliciously, unlawfully and/or with a

reckless disregard for the natural and probable consequences of their acts, and were designed to and did

cause specific and  emotional harm and distress, mental anguish, fear, pain and suffering in violation of

Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to

the United States Constitution, and in violation of 42 U.S.C. § 1981.

43.     As a consequence thereof, plaintiff has been injured, and plaintiff, claims damages under

42 U.S.C. § 1983 for the aforesaid injuries.


## FIFTH CAUSE OF ACTION

### (Malicious Prosecution Under State Law))

44.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 43 of this

complaint as if fully set forth herein.

45.     Defendant Gross is liable to plaintiff for malicious prosecution of his January 2014  arrest, because

pursuant to a conspiracy, and acting with malice, the defendant initiated a malicious prosecution against

plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or

the criminal court(s) alleging plaintiff had committed various crimes, fabricated a basis for having

probable cause; and based upon these false statements, prosecutors prosecuted plaintiff until the case

against plaintiff were dismissed in their entirety.

46.     The individual defendant lacked probable cause to believe the above-stated malicious

prosecution could succeed.

47.     The individual defendant acted to cover up their illegal and unconstitutional conduct by initiating

the above-stated malicious prosecution and pursuing said prosecutions despite knowing they did not

7

have the requisite probable cause to successfully prosecute plaintiff.

48.      As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered as follows:

1.      A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2.      A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3.      A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4.      Compensatory damages against all defendants in an amount to be determined by a jury;

5.      By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages against all defendants in an amount to be fixed at trial;

8

6.      An award to Plaintiff of the costs and disbursements herein;

7.      An award of attorney's fees under 42 U.S.C. § 1988;

8.      Such other and further relief as this Court may deem just and proper.


Dated:  March 23, 2015
        New York, New York


                                        _____/s/_____
                                        PAUL V. PRESTIA, ESQ.
                                        The Prestia Law Firm, P.L.L.C.
                                        65 Broadway, Suite 716
                                        New York, New York 10006
                                        (212) 430-6313
                                        Attorney for Plaintiff

9